1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

CHRISTOPHER L. LIPPERT,

NO: 12-CV-0191-TOR

8

Plaintiff,

9

v.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

10

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

11

12

Defendant.

13

14       BEFORE THE COURT are the parties' cross motions for summary

15   judgment (ECF Nos. 17 and 19).  Plaintiff is represented by Jeffrey Schwab.

16   Defendant is represented by Gerald J. Hill.  This matter was submitted for

17   consideration without oral argument.  The Court has reviewed the administrative

18   record and the parties' completed briefing and is fully informed.  For the reasons

19   discussed below, the Court grants Defendant's motion and denies Plaintiff's

20   motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3    404.1520(b); 416.920(b).

4        If the claimant is not engaged in substantial gainful activities, the analysis

5    proceeds to step two.  At this step, the Commissioner considers the severity of the

6    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [his or her] physical or mental ability to do basic work

9    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11   however, the Commissioner must find that the claimant is not disabled.  *Id.*

12       At step three, the Commissioner compares the claimant's impairment to

13   several impairments recognized by the Commissioner to be so severe as to

14   preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15   404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16   severe than one of the enumerated impairments, the Commissioner must find the

17   claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18       If the severity of the claimant's impairment does meet or exceed the severity

19   of the enumerated impairments, the Commissioner must pause to assess the

20   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3    the analysis proceeds to step five, the burden shifts to the Commissioner to

4    establish that (1) the claimant is capable of performing other work; and (2) such

5    work "exists in significant numbers in the national economy."  20 C.F.R. §§

6    404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                                   ALJ'S FINDINGS

8        Plaintiff filed applications for disability insurance benefits and supplemental

9    security income disability benefits on April 20, 2009.  Tr. 154-61.  These

10   applications were denied initially and upon reconsideration and a hearing was

11   requested.  Tr. 16.  A hearing was held before an Administrative Law Judge on

12   December 17, 2010, in Wenatchee, Washington.  Tr. 16-68.  The ALJ issued a

13   decision denying Plaintiff benefits on January 14, 2011.  Tr. 16-30.

14       At step one, the ALJ found that Plaintiff had not engaged in substantial

15   gainful activity since November 11, 2006, the alleged onset date.  Tr. 19.  At step

16   two, the ALJ found that Plaintiff had severe impairments consisting of

17   degenerative disc disease, posttraumatic stress disorder, and chronic alcoholism.

18   Tr. 19.  At step three, the ALJ found that Plaintiff's impairments did not meet or

19   medically equal a listed impairment.  Tr. 19-20.  With respect to Plaintiff's residual

20   functional capacity, the ALJ found:

After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, including the substance use disorders, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he would need a sit/stand option.  He would be unable to climb ladders, ropes, or scaffolding.  He can occasionally climb stairs or ramps.  He can occasionally balance, stoop, kneel, crouch, and crawl.  He can have occasional contact with the public and coworkers.  He would be limited to one to three step tasks and he cannot perform detailed work.  He can handle occasional changes in the work setting.  The claimant would have unpredictable absences from work and he would miss five or more days of work per month.

Tr. 20.  At step four, the ALJ found that Plaintiff was unable to perform his past relevant work.  Tr. 21.  At step five, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and concluded that there are no jobs that exist in significant numbers in the national economy that the Plaintiff could perform.  Tr. 21.  Thus, the ALJ concluded that Plaintiff was disabled.  *Id.*

Pursuant to 20 C.F.R. §§ 404.1535(b)(2) and 416.935(b)(2), the ALJ then proceeded to a determination of whether Plaintiff's substance abuse disorders were a contributing factor material to the earlier determination of disability, *i.e.*, whether Plaintiff would still be considered disabled if he stopped using drugs or alcohol. The ALJ concluded that, if Plaintiff stopped his substance abuse (1) he would continue to have a severe impairment or combination of impairments; (2) that his remaining impairments would not meet or medically equal a listed impairment; (3) he would have the same residual functional capacity set forth above, except that he

would no longer have unpredictable absences from work and would no longer miss five or more days of work per month; (4) he would continue to be unable to perform past relevant work; and (5) that there would be a significant number of jobs existing in the national economy that Plaintiff could perform. Tr. 22-29. Thus, the ALJ found that Plaintiff's substance abuse disorder was a contributing factor material to the prior disability determination and denied his claims on that basis. Tr. 30.

The Appeals Council denied Plaintiff's request for review on February 12, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-4; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises a single issue for review: whether substantial evidence supports the ALJ's finding that Plaintiff would not be found to be disabled if he stopped using alcohol. ECF No. 18 at 4-5.

## DISCUSSION

Plaintiff appears to suggest that the ALJ erred by ignoring evidence that his alcoholism is in remission. Specifically, Plaintiff asserts:

> [T]he real question is whether the record supports a finding of ongoing abuse of [alcohol]. The answer to that is a resounding "no." A search of the entire record shows that [Plaintiff] has, in the past, had a significant problem with ongoing alcohol use and some marijuana use. But the record is equally clear that he has been sober when evaluated by the psychologists on four separate occasions, he has been

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    in treatment for alcohol, and he has been reportedly sober with only
2    the most rare relapse.  There is just not substantial evidence to support
     a conclusion that the diagnoses and limitations assessed by the
3    psychologists who evaluated him should be thrown out because of the
     sliver of evidence present regarding ongoing use.  Yes, [Plaintiff] had
4    one well documented relapse and there is a suggestion that he may
     have had another during the relevant period.  But there is much more
5    evidence supporting ongoing sobriety and bona fide effort on his part
     to maintain his sobriety.

6    ECF No. 18 at 6-7.

7         This argument fails for two reasons.  First, the record contains ample

8    evidence of ongoing alcohol abuse during the claimed disability period.  At the

9    hearing before the ALJ, Plaintiff testified that his driver's license was suspended in

10   2009 following a DUI citation.  Tr. 44.  Plaintiff was on probation for that offense

11   at the time of the hearing.  Tr. 44.  Plaintiff further testified that he received court-

12   ordered inpatient treatment for alcohol abuse at the James Oldham Treatment

13   Center the summer prior to the hearing.  Tr. 45-46, 59.  Thus, Plaintiff's own

14   admissions are sufficient to support a finding of ongoing alcohol abuse.

15        More importantly, however, Plaintiff's argument reflects a fundamental

16   misunderstanding of the relevant analysis.  As the ALJ correctly determined, the

17   relevant question is whether Plaintiff's alcohol abuse was "material" to the initial

18   disability determination—*i.e.*, whether Plaintiff would still be found disabled based

19   solely upon his *non-alcohol-related* impairments.  *See* 20 C.F.R. §§ 404.1535;

20   416.935.  In performing this analysis, the ALJ must "evaluate which of [the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    claimant's] current physical and mental limitations, upon which [the ALJ] based

2    [the] current disability determination, would remain if [the claimant] stopped using

3    drugs or alcohol[,] and then determine whether any or all of [the claimant's]

4    remaining limitations would be disabling." 20 C.F.R. §§ 404.1535(b)(2);

5    416.935(b)(2). In other words, once a claimant who abuses drugs or alcohol has

6    been found to be disabled, the ALJ must set all of the claimant's alcohol-related

7    impairments to one side and determine whether the remaining impairments are

8    sufficient to support a finding of disability.

9        After setting aside Plaintiff's alcohol-related impairments, the ALJ modified

10   Plaintiff's RFC to reflect the fact that he would no longer "have unpredictable

11   absences from work and . . . miss five or more days of work per month." Tr. 20,

12   23. The prior RFC remained the same in all other respects. Based upon that

13   adjusted RFC, the ALJ found that there are jobs existing in significant numbers in

14   the national economy that Plaintiff could perform. Tr. 29. Hence, the ALJ

15   concluded that Plaintiff's alcohol-related impairments were material to the initial

16   disability determination and denied Plaintiff benefits on that basis. Tr. 30.

17       Plaintiff has not challenged the ALJ's findings concerning his non-alcohol

18   related impairments. Having reviewed the entire record, the Court finds that those

19   findings are supported by substantial evidence. Accordingly, Defendant is entitled

20   to summary judgment.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    **IT IS HEREBY ORDERED:**

2       1.  Defendant's Motion for Summary Judgment (ECF No. 19) is

3           **GRANTED**.

4       2.  Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**.

5       3.  The hearing on dispositive motions currently set for February 7, 2014, is

6           **VACATED**.

7       The District Court Executive is hereby directed to file this Order, enter

8  Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

9       **DATED** August 22, 2013.

10

11                                    THOMAS O. RICE
                                   United States District Judge
12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11